UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| V. | NO. 16-63 |
| DAN PIZARRO | SECTION "F" |

<u>ORDER AND REASONS</u>

Before the Court is the government's motion *in limine* for a determination that certain records qualify as business records under Federal Rule of Evidence 803(6) and notice of intent to offer affidavits under Federal Rule of Evidence 902(11). For the following reasons, the motion is GRANTED.

**Background**

Dan Pizarro is charged in Count One of a Two-Count Superseding Indictment with conspiracy to distribute and possession with intent to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine and a quantity of heroin, in violation of 21 U.S.C. § 846. The government has also filed a Two-Count Bill of Information to establish prior convictions in accordance with 21 U.S.C. § 851(a). Count One of the Bill establishes a prior conviction in the United States District Court for the District of Hawaii; Pizarro was convicted of two counts of conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §

1

846. He was sentenced to a term of imprisonment of 90 months as to each count, to be served consecutive; this conviction is final. Count Two of the Bill establishes a conviction for possession with the intent to distribute marijuana in the Criminal District Court for Orleans Parish; Pizarro was sentenced to a term of imprisonment of five years, suspended, with five years of probation. This conviction is also final.

The United States seeks a preliminary determination as to the admissibility or authentication of certain documents it plans to use in its case-in-chief. No opposition papers were submitted.

I.

Rule 104 of the Federal Rules of Evidence obliges the Court to "decide any preliminary question about whether . . . evidence is admissible." FED. R. EVID. 104(a). In making this preliminary determination, "the court is not bound by evidence rules, except those on privilege." Id. This rule applies to all preliminary determinations, including resolution of whether documents fall within the business records exception to the hearsay rule. See In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 287-88 (3d Cir. 1983) (holding that the determination is made by the judge, rather than the jury, and that the court is not confined to admissible evidence), rev'd on other grounds sub nom, 475 U.S. 574 (1986). Such pretrial determination advances the elimination-of-unjustifiable-expense-and-delay purposes of the Federal Rules of

2

Evidence. See FED. R. EVID. 102 ("These rules should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination.").

The prerequisites for admissibility under the business records exception to the hearsay rule, Rule 803(6), must be established by a preponderance of the evidence. See Bourjally v. United States, 483 U.S. 171, 175 (1987). Rule 803(6) provides that the following is not excluded by the rule against hearsay:

> (6) Records of a Regularly Conducted Activity.
>
> A Record of an Act, event, condition, opinion, or diagnosis if:
>
> (A) the record was made at or near the time by -or from information transmitted by- someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

FED. R. EVID. 803(6).

Here, the government seeks a preliminary determination that certain records are authentic through certification obtained from the custodian of records. As permitted by Rule 803(6), Rule 902(11)

provides that the following items of evidence are self-authenticating:

> (11) Certified Domestic Records of a Regularly Conducted Activity. The original or a copy of a domestic record that meets the requirement of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record – and must make the record and certification available for inspection – so that the party has a fair opportunity to challenge them.

Together, Rules 803(6) and 902(11) eliminate the need to incur the expense and inconvenience of producing time-consuming foundation witnesses. Fed. R. Evid. 803, Advisory Committee Notes to 2000 Amendment. The government submits that it intends to introduce into evidence a series of certified records of regularly conducted activity pursuant to Federal Rules of Evidence 803(6) and 902(11). The government submits that it provided to the defendant all of the records it now seeks to admit in a timely manner during the course of discovery. The government contends that each certified record it seeks to submit was obtained from one of three corporate entities; each record is certified by that entity (under penalty of perjury) to have been made at or near the time of the occurrence of the matters contained therein, kept in the course of the regularly conducted activity, and created as a regularly conducted activity. The government submits that the following comply with admissibility standards:

- Federal Express shipment records, including shipments between Leonid Djuga in California and co-conspirators in Louisiana, Kansas, and Mississippi; the affidavit of records custodian A. Evans Anderson is offered for certification;

- United Airlines flight information records of one Mr. Pizarro's co-conspirators; the affidavit of records custodian Debbie Myers is offered for certification; and

- American Express records pertaining to an American Express card belonging to one of Mr. Pizarro's co-conspirators; the affidavit of records custodian Virginia Taylor[1] is offered for certification.

The Court finds that the proffered records and certifications meet the standards of admissibility under the Federal Rules of Evidence. Accordingly, the records provided by Federal Express, United Airlines, and American Express, as described more fully by the government in its papers, are admissible business records under the Federal Rules of Evidence.

IT IS ORDERED: that the government's motion is GRANTED.

---

[1] In its motion, the government names the records custodian as "Virginia Taylor." In the exhibit submitted to the Court for American Express' certification, the custodian of records is listed as "Virgininia Taylor." The Court recognizes that one of the documents incorrectly spells the custodian's name, but it does not find that there is an actual discrepancy as to the identity of custodian.

New Orleans, Louisiana, July 31, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE