UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| V. | NO. 16-63 |
| DAN PIZARRO | SECTION "F" |

ORDER AND REASONS

Before the Court is the government's notice of intent to introduce "other act" evidence pursuant to Federal Rule of Evidence 404(b). For the following reasons, the notice is GRANTED.

**Background**

Dan Pizarro is charged in Count One of a Two-Count Superseding Indictment with conspiracy to distribute and possession with intent to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine and a quantity of heroin, in violation of 21 U.S.C. § 846. The government has also filed a Two-Count Bill of Information to establish prior convictions in accordance with 21 U.S.C. § 851(a). Count One of the Bill establishes a prior conviction in the United States District Court for the District of Hawaii; Pizarro was convicted of two counts of conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846. He was sentenced to a term of imprisonment of 90 months as to each count, to be served consecutive; this conviction is final. Count Two of the Bill establishes a conviction for possession with

1

the intent to distribute marijuana in the Criminal District Court for Orleans Parish; Pizarro was sentenced to a term of imprisonment of five years, suspended, with five years of probation. This conviction is also final.

The government has filed a notice of intent to introduce evidence of prior criminal conduct pursuant to Rule 404(b) of the Federal Rules of Evidence. The defendant opposes this notice of intent to use evidence.

I.

The government notifies the defendant of its intent to introduce in its case-in-chief evidence of other crimes, wrongs, and acts (in particular, evidence of the defendant's two prior drug convictions); the government seeks an order admitting such evidence pursuant to Federal Rules of Evidence 404(b).

When evidence of other acts is extrinsic to the crime charged, admissibility is governed by Rule 404(b) of the Federal Rules of Evidence, which provides:

> **(b) Crimes, Wrongs, or Other Acts.**
>
> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. . . .

FED. R. EVID. 404(b). Rule 404(b)'s purpose is to "guard against the inherent danger that the admission of 'other acts' evidence might lead a jury to convict a defendant not of the charged offense, but instead of an extrinsic offense." United States v. Crawley, 533 F.3d 349, 353 (5th Cir. 2008) (quoting United States v. Sumlin, 489 F.3d 683, 689 (5th Cir. 2007)). "Where the extrinsic activity did not result in a conviction, this danger is particularly great." Id.

The Fifth Circuit has fashioned a two-part test to determine whether extrinsic evidence is admissible under Rule 404(b). United States v. Sanders, 343 F.3d 511, 517-18 (5th Cir. 2003) (citing United States v. Beechum, 582 F.2d 898, 909-18 (5th Cir. 1978) (*en banc*)). First, the Court determines whether the evidence is "relevant to an issue other than the defendant's character." Crawley, 533 F.3d at 354 (citation omitted). Second, if the evidence is relevant for at least one permissible purpose, then the Court determines "whether, consistent with Rule 403, the evidence 'possess[es] probative value that is not substantially outweighed by its undue prejudice." Id. (citation omitted).

Finally, evidence of other acts, whether intrinsic or extrinsic, is relevant only if the government proves that the acts actually occurred and that the defendant committed the acts. To evaluate this, the Court considers whether "the jury could

FED. R. EVID. 404(b). Rule 404(b)'s purpose is to "guard against the inherent danger that the admission of 'other acts' evidence might lead a jury to convict a defendant not of the charged offense, but instead of an extrinsic offense." United States v. Crawley, 533 F.3d 349, 353 (5th Cir. 2008) (quoting United States v. Sumlin, 489 F.3d 683, 689 (5th Cir. 2007)). "Where the extrinsic activity did not result in a conviction, this danger is particularly great." Id.

The Fifth Circuit has fashioned a two-part test to determine whether extrinsic evidence is admissible under Rule 404(b). United States v. Sanders, 343 F.3d 511, 517-18 (5th Cir. 2003) (citing United States v. Beechum, 582 F.2d 898, 909-18 (5th Cir. 1978) (*en banc*)). First, the Court determines whether the evidence is "relevant to an issue other than the defendant's character." Crawley, 533 F.3d at 354 (citation omitted). Second, if the evidence is relevant for at least one permissible purpose, then the Court determines "whether, consistent with Rule 403, the evidence 'possess[es] probative value that is not substantially outweighed by its undue prejudice." Id. (citation omitted).

Finally, evidence of other acts, whether intrinsic or extrinsic, is relevant only if the government proves that the acts actually occurred and that the defendant committed the acts. To evaluate this, the Court considers whether "the jury could

FED. R. EVID. 404(b). Rule 404(b)'s purpose is to "guard against the inherent danger that the admission of 'other acts' evidence might lead a jury to convict a defendant not of the charged offense, but instead of an extrinsic offense." United States v. Crawley, 533 F.3d 349, 353 (5th Cir. 2008) (quoting United States v. Sumlin, 489 F.3d 683, 689 (5th Cir. 2007)). "Where the extrinsic activity did not result in a conviction, this danger is particularly great." Id.

The Fifth Circuit has fashioned a two-part test to determine whether extrinsic evidence is admissible under Rule 404(b). United States v. Sanders, 343 F.3d 511, 517-18 (5th Cir. 2003) (citing United States v. Beechum, 582 F.2d 898, 909-18 (5th Cir. 1978) (*en banc*)). First, the Court determines whether the evidence is "relevant to an issue other than the defendant's character." Crawley, 533 F.3d at 354 (citation omitted). Second, if the evidence is relevant for at least one permissible purpose, then the Court determines "whether, consistent with Rule 403, the evidence 'possess[es] probative value that is not substantially outweighed by its undue prejudice." Id. (citation omitted).

Finally, evidence of other acts, whether intrinsic or extrinsic, is relevant only if the government proves that the acts actually occurred and that the defendant committed the acts. To evaluate this, the Court considers whether "the jury could

reasonably find the conditional fact . . . by a preponderance of the evidence." Huddleston v. United States, 485 U.S. 681, 690 (1988). The governments meets this standard by providing "some evidence that the defendant committed the bad act." Crawley, 533 F.3d at 354.

II.

The government seeks to present evidence, through competent witnesses, that Pizarro was previously convicted of two crimes involving drug distribution. The government submits that such evidence satisfies the two-part Beechum test because the "other act" evidence is relevant as probative of the defendant's intent, knowledge, and modus operandi to distribute methamphetamine and heroin. The government further submits that such evidence satisfies the second part of the Beechum test because there is no indication that the prior drug crimes would be unduly prejudicial or that its admission would be so inflammatory as to cause the jury to decide the case on an improper basis.

*A.*

The Fifth Circuit has consistently affirmed the admission of prior drug-related convictions, arrests, and other uncharged conduct to establish intent and knowledge in drug distribution cases. See United States v. Cockrell, 587 F.3d 674, 678, 680 (5th Cir. 2009) (allowing evidence that defendant was arrested while possessing methamphetamine and evidence of prior heroin

4

trafficking conviction in a heroin distribution case); United States v. Thomas, 348 F.3d 78, 85-86 (5th Cir. 2003) (finding that prior conviction for possession of cocaine was material, probative, and properly admissible in prosecution for conspiracy to distribute crack cocaine and to possess crack cocaine with intent to distribute); United States v. Chavez, 119 F.3d 342, 346 (5th Cir. 1997) (affirming use of conviction for conspiracy to distribute cocaine in a prosecution for conspiracy to distribute marijuana). In these types of cases, both possession and distribution offenses have been upheld as admissible 404(b) evidence that is relevant to intent and knowledge. See United States v. Swarm, 254 F. App'x 376, 380 (5th Cir. 2007) (possession of cocaine conviction admissible at trial for cocaine trafficking conspiracy); United States v. Arnold, 467 F.3d 880, 885 (5th Cir. 2006) (conviction for possession of cocaine admissible at trial for possession with intent to distribute cocaine).

In following the Fifth Circuit's precedent, Pizarro's prior methamphetamine conspiracy conviction is highly probative of his knowing and willful participation in this conspiracy before the Court. This evidence is also probative of his intent to distribute methamphetamine. Moreover, the relevance of this prior methamphetamine conviction is highlighted by the fact that it involved the same drug that is central to the charge before this Court. Finally, the time span between his 2005 Hawaii conspiracy

conviction and the present charge is of no consequence. The Fifth Circuit has held that convictions as early as fifteen years prior to the alleged crime can be properly admitted where such conviction is similar to the charges alleged. See Chavez, 119 F.3d at 347 (holding that a fifteen-year-old drug conviction was admissible because of the similarity to the charged crime).

Pizarro's conviction for possession with intent to distribute marijuana is likewise probative of knowledge and intent. The Fifth Circuit instructs that prior conduct involving drugs other than the drugs charged in the instant offense is admissible to show intent. See Cockrell, 587 F.3d at 678, 680 (finding evidence of possession of methamphetamine and prior arrest for possession of methamphetamine admissible in a heroin trafficking case); United States v. Moody, 564 F.3d 754, 763-64 (5th Cir. 2009) (admitting evidence of drug arrests for crack possession in cocaine and crack conspiracy case); United States v. Broussard, 80 F.3d 1025, 1040 (5th Cir. 1996) (possession of marijuana admissible to show intent in cocaine distribution case).

Finally, evidence of prior bad acts is admissible to prove modus operandi, particularly in a drug distribution case. In United States v. Osorio, the Fifth Circuit affirmed the district court's allowance of coopering witness testimony which said that on a prior occasion, he drove from New York to Houston, where the witness was taken to the defendant's house. 288 F. App'x 971 (5th Cir. 2008).

The co-conspirators used the defendant's apartment to package cocaine for transport. The Fifth Circuit affirmed the admission of that prior instance under Rule 404(b) because "the extrinsic evidence was probative as to the role of conspirator, the modus operandi of the conspiracy, the introduction of [the cooperating witness] into the conspiracy, and the intent of the two individuals standing trial with [the defendant], both of whom actively participated in the earlier transaction." Id. at 976.

Here, Pizarro's prior methamphetamine conviction is relevant to modus operandi because it shows the method by which Pizarro executed methamphetamine transactions. The government seeks to introduce evidence that Pizarro arranged for a source of methamphetamine and heroin in California to mail packages of drugs to South Louisiana. Similarly, Pizarro's 2005 conviction involved him coordinating mailings of methamphetamine from California to Hawaii. His marijuana conviction also establishes similar attributes – Pizarro admitted to transporting marijuana from California, the same source location as his methamphetamine.

The government's proposed evidence, the admission of two prior drug convictions, satisfies the first prong of the Beechum test.

*B.*

The second prong of the Beechum test requires the Court to determine whether the evidence is consistent with Rule 403 in that

7

it possesses probative value that is not substantially outweighed by undue prejudice. See Crawley, 533 F.3d at 354. Rule 403's function is only to exclude matters of slight probative value that is "dragged in by the heels for the sake of prejudicial effect." United States v. McRae, 593 F.2d 700, 707 (5th Cir. 1979), cert denied 444 U.S. 862 (1979). The Fifth Circuit evaluates the likelihood of "undue" prejudice by assessing whether the extrinsic offense is "of a heinous nature," and whether such evidence would "incite the jury to irrational decision by its force on human emotion." Beechum, 582 F.2d at 917.

Here, the Court observes that any potential prejudice from the admission of Pizarro's prior drug convictions will be significantly minimized by the use of cautionary instruction.[1] Evidence of Pizarro's prior drug distribution convictions is probative of his intent, knowledge, and modus operandi to the

---

[1] The Fifth Circuit instructs that a defendant's remedy in the face of relevant extrinsic evidence is not exclusion of the evidence, but rather a limiting instruction. See United States v. Buchanan, 70 F.3d 818, 831 (5th Cir. 1995) ("…[T]he district court in this case substantially reduced the possibility of prejudice to [the defendant] by carefully instructing the jury on how they could consider the evidence."); United States v. Gadison, 8 F.3d 186, 192 (5th Cir. 1993) ("…[T]he district court minimized any potential undue prejudice by instructing the jury that they were not to consider the conviction in deciding whether [the defendant] committed the charged offense, but only for the purpose of establishing intent and assessing credibility."); United States v. White, 972 F.2d 590, 599 (5th Cir. 1992) ("…[D]anger of prejudice to the defendant is minimal so long as it is clear to the jury that the extrinsic evidence is being introduced for the sole purpose of showing intent.").

charged offense. There is no indication that such evidence would be unduly prejudicial or that its admission would be so inflammatory as to cause the jury to decide this case on an improper basis.

Accordingly, for the foregoing reasons, IT IS ORDERED that the government's notice of intent to introduce "other act" evidence pursuant to Rule 404(b) of the Federal Rules of Evidence, seeking an order of admissibility, is hereby GRANTED.

New Orleans, Louisiana, August __7__, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE
