# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 7, 2019

Lyle W. Cayce
Clerk

No. 18-30201
Summary Calendar

D.C. Docket No. 2:16-CR-63-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAN PIZARRO, also known as Danny Pizarro,

Defendant - Appellant

Appeal from the United States District Court for the
Eastern District of Louisiana

Before JOLLY, COSTA, and HO, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.




**Certified as a true copy and issued as the mandate on Apr 17, 2019**

**Attest:** Lyle W. Cayce

**Clerk, U.S. Court of Appeals, Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
March 7, 2019
Lyle W. Cayce
Clerk

No. 18-30201
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAN PIZARRO, also known as Danny Pizarro,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CR-63-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Dan Pizarro was convicted by a jury of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine and a quantity of heroin. Because Pizarro had two prior felony drug convictions, the district court sentenced him to life imprisonment and ten years of supervised release.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

According to Pizarro, the district court erred in admitting evidence of his arrest at a train station in possession of ten pounds of marijuana and his subsequent conviction for possession with intent to distribute marijuana pursuant to Federal Rule of Evidence 404(b). Pizarro objected to the admission of this evidence in the district court. Although this court generally reviews evidentiary rulings for abuse of discretion, a heightened standard applies where, as here, the evidence is admitted under Federal Rule of Evidence 404(b). *See United States v. Wallace*, 759 F.3d 486, 493 (5th Cir. 2014).

Federal Rule of Evidence 404(b) provides that evidence of a "crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b). Such evidence may be admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* To determine whether such evidence was properly admitted, this court first determines whether the extrinsic offense evidence is relevant to an issue other than the defendant's character; second, the court determines whether the probative value is substantially outweighed by undue prejudice. *United States v. Gurrola*, 898 F.3d 524, 537 (5th Cir. 2018) (citing *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc)). Because Pizarro pleaded not guilty to the instant offense, the district court correctly determined that the first prong of the test was satisfied. *See, e.g., United States v. Cockrell*, 587 F.3d 674, 679 (5th Cir. 2009).

Further, the district court did not abuse its discretion by determining that the probative value of the evidence of Pizarro's prior arrest and offense was not substantially outweighed by the danger of unfair prejudice. *See Beechum*, 582 F.2d at 914. This court has often "held that proof of prior drug activities is more probative than prejudicial" in proving Rule 404(b) exceptions

such as knowledge or intent. *See United States v. Kinchen*, 729 F.3d 466, 474 (5th Cir. 2013) (internal quotation marks and citation omitted). The prior offense was similar to the instant offense as both involved the distribution of controlled substances that Pizarro obtained from California sources. Although the similarity of the offenses increased the prejudicial effect of the evidence, it also made the evidence highly probative. *See United States v. Juarez*, 866 F.3d 622, 628 (5th Cir. 2017). The probative value is not diminished necessarily because the prior offense involved a different controlled substance. *See, e.g., Cockrell*, 587 F.3d at 680; *see also United States v. Booker*, 334 F.3d 406, 412 (5th Cir. 2013) (finding no unfair prejudice from the admission of evidence of seizure of 178 kilograms of marijuana to show intent in a crack cocaine conspiracy). Further, the prior offense occurred only a few months before the charged offense. *See United States v. Garcia Mendoza*, 587 F.3d 682, 689 (5th Cir. 2009). In addition, the evidence corroborated the testimony of Pizarro's coconspirators, especially given the temporal proximity of the offenses and the fact that both offenses involved a California source. *See, e.g., Juarez*, 866 F.3d at 627. Moreover, the prior conviction was not of such a "heinous nature" that it would "incite the jury to irrational decision by its force on human emotion," and therefore it was not likely that the jury felt a desire to punish Pizarro for his prior conviction. *See Beechum*, 582 F.2d at 917. Finally, the district court gave a limiting instruction, which greatly minimizes the danger of prejudice. *See Garcia Mendoza*, 587 F.3d at 689. Therefore, the district court did not abuse its discretion in admitting the evidence.

After completion of briefing, Pizarro filed pro se motions for appointment of counsel, leave to file a supplemental brief, and for extraordinary relief. Because he is represented by counsel and is not entitled to hybrid representation, his motions are denied. *See United States v. Long*, 597 F.3d

720, 724 (5th Cir. 2010); *United States v. Villafranca*, 844 F.3d 199, 199 (5th Cir. 2016).

AFFIRMED; MOTIONS DENIED.