**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 16-63** |
| **v.** | * | **SECTION: "F"** |
| **DAN PIZARRO** | * | |
| | * * * | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

The United States of America, through the undersigned Assistant United States Attorney, hereby opposes petitioner Dan Pizarro's Motions under 28 U.S.C. § 2255, Rec. Doc. 247, 252.[1] Pizarro was sentenced on February 7, 2018 to a term of life imprisonment. Rec. Doc. 220. Pizarro has filed untimely Motions challenging his sentence based on ineffective assistance of counsel and other unrelated claims. The government opposes Pizarro's claims as untimely, procedurally barred, and further because they are conclusory and meritless. The government requests that the Court deny Pizarro's Motion without an evidentiary hearing.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

In August 2017, a jury in the Eastern District of Louisiana convicted Pizarro on one count of conspiracy to distribute and possess with the intent to distribute 500 grams or more of methamphetamine and a quantity of heroin in violation of the Federal Controlled Substances Act. *See* Rec. Doc. 25 (Superseding Indictment); Rec. Doc. 151 (Minute Entry of Jury Verdict); Rec. Doc. 154 (Jury Verdict Form). Pizarro had two prior felony drug convictions. Rec. Doc. 113 (Bill of Information to Establish Prior Convictions); Rec. Doc. 179 (Government's Motion to Establish

---

[1] On November 20, 2020, Pizarro filed a Motion to Amend/Correct the fourth ground of his 2255 motion. Rec. Doc. 252. The Court did not grant Pizarro leave to file the Motion, but, out of an abundance of caution, the government addresses Pizarro's claim as set forth therein.

Prior Convictions); Rec. Doc. 188 (Order Granting Motion to Establish Prior Convictions). In February 2018, the Court sentenced Pizarro to a term of life imprisonment. *See* Rec. Doc. 220 (Judgment). Pizarro appealed, arguing that the Court erred in admitting evidence of his arrest and subsequent conviction for possession with the intent to distribute 12 pounds of marijuana pursuant to Federal Rule of Evidence 404(b) during his trial. *See* Rec. Doc. 217 (Notice of Appeal); 2018 WL 4050358 (Pizarro Appellate Brief). The Fifth Circuit affirmed Pizarro's conviction, finding that the Court did not abuse its discretion in admitting the evidence. *United States v. Pizarro*, 756 F. App'x 458 (5th Cir. 2019). On October 7, 2019, the United States Supreme Court denied Pizarro's Petition for Writ of Certiorari. *Pizarro v. United States*, 140 S. Ct. 211 (2019).

On July 28, 2020, Pizarro filed a Motion requesting an extension of time to file his § 2255 motion due to the COVID-19 pandemic. Rec. Doc. 244. On July 31, 2020, the Court denied his Motion for lack of subject-matter jurisdiction. Rec. Doc. 245. On October 30, 2020, more than one year after the Supreme Court denied a writ of certiorari in Pizarro's case, he filed the instant § 2255 Motion, followed by a Motion to Amend/Correct the fourth ground of his Motion on November 23, 2020. *See* Rec. Docs. 247, 252. Pizarro's Motions appear untimely. *See infra* at Section I. In his Motions, Pizarro argues (1) that his attorney was ineffective because he "failed to consult" with Pizarro regarding the facts of his case, failed to "file pretrial motions," "failed to perform any independent investigation" and "withheld pretrial discovery" which would have assisted Pizarro with possible defenses, Rec. Doc. 247, p. 4; (2) that "the government elicited perjured testimony from cooperating witnesses at trial which affected the trial proceedings" and that the testimony was contradictory, Rec. Doc. 247, p. 5; (3) that "a gag order was placed suppressing exculpatory evidence regarding governmental misconduct" which affected Pizarro's right to a fair trial, and that his "counsel was hindered from asking questions" about this topic,

Rec. Doc. 247, p. 7; and (4) that his counsel committed a "structural error" and conceded Pizarro's guilt when he stated in opening argument that Pizarro was a drug dealer, and additionally did not employ Pizarro's desired trial strategy by suggesting that he had been framed as part of a conspiracy between a DEA agent and witnesses.  Rec. Doc. 252, p. 2-4. The government opposes Pizarro's § 2255 Motion for the following reasons.

## LAW AND ARGUMENT

**I.    Pizarro's motion is untimely, but the Court need not decide the timeliness issue because Pizarro's claims are either procedurally barred, conclusory or meritless.**

28 U.S.C. § 2255(f) requires that all § 2255 petitions be filed within one year of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"For § 2255(f)(1), '[f]inality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *United States v. Redd*, 562 F.3d 309, 311 (5th Cir. 2009) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). In this case, Pizarro filed the instant § 2255 Motions more than one year after the Supreme Court denied his Petition for a Writ of Certiorari. *See Pizarro*, 140 S. Ct. 211 (Dated October 7, 2019); Rec. Doc. 247, p. 16 (Instant § 2255 Motion Postmarked October 26, 2020, and Docketed October 30, 2020). Thus, Pizarro's request for post-conviction relief is not timely under § 2255(f)(1).

3

Pizarro's Motion is not based on a right that has been newly recognized by the Supreme Court. *See* 28 U.S.C. § 2255(f)(3). Thus, it may be timely only if it was filed after the removal of an unconstitutional or unlawful government impediment, *see* 28 U.S.C. 2255(f)(2), after facts supporting the claim presented could have been discovered through the exercise of due diligence, *see* 28 U.S.C. § 2255(f)(4), or if the one-year statute of limitations is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010).

As to § 2255(f)(2), Pizarro has not demonstrated an unconstitutional or unlawful government impediment that prevented him from filing his § 2255 Motion earlier. In his earlier Motion seeking an extension of time to file his § 2255 Motion, which the Court denied due to lack of subject matter jurisdiction (Rec. Doc. 245), Pizarro stated that the lockdown at his facility due to the COVID-19 pandemic hindered his "access to law library, law computers, emails, and telephones which is needed to obtain exculpatory evidence through investigator regarding alleged co-conspirator Jason Gore and DEA Agent Chad A. Scott . . . ." Rec. Doc. 244.[2] There are some circumstances in which lack of access to a law library can toll the one-year period to file a petition, either as a government impediment or as a basis for equitable tolling. *See Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003) (prison law library that did not give petitioner access to ADEPA created an impediment that tolled the limitations period). However, to toll the limitations period, the lack of library access must have "actually prevented [the prisoner] from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in original). "An institutional lockdown or a delay in access to a law library is not itself a rare and exceptional circumstance that warrants equitable tolling." *Coppin v. United States*, 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018); *see also United States v. Johnson*, 2018 WL 2939496, at *2 (E.D. Tex.

---

[2] Pizarro does not reassert this argument in his present Motion.

4

June 11, 2018) ("[G]enerally, neither Defendant's time in state custody, nor the prison lockdown, considered independently or in conjunction, constitutes one of those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'") (quoting *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008)). Here, Pizarro's stated reason for needing access to the prison's library facilities was to "obtain exculpatory evidence through [an] investigator" with respect to the third ground of relief, which is conclusory and meritless. *See infra* at *Section II*. Equitable tolling is not warranted so that Pizarro could conduct a "fishing expedition" to find something that may support his § 2255 Motion. *See United States v. Carvajal*, 989 F.2d 170 (5th Cir. 1993). Thus, Pizarro's claim is not timely under § 2255(f)(2).

As to § 2255(f)(4), "a petitioner's diligence must merely be 'due' or 'reasonable' under the circumstances." *United States v. Jackson*, 470 F. App'x 324, 327 (5th Cir. 2012). "[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he should act." *Id.* (internal quotation marks omitted). "In applying § 2255(f)(4), the important thing is to identify a particular time when diligence is in order." *Id.* (internal quotation marks, brackets, and ellipsis omitted). Pizarro's Judgment became final when the Supreme Court denied his Petition for Certiorari on October 7, 2019, but Pizarro failed to file his Motion to Vacate until more than one year later.

Nor has Pizarro alleged circumstances that entitle him to equitable tolling of the one-year statute of limitations. Pizarro offers two reasons for his untimely Motion in his Petition: (1) he is "not a 30 year experienced attorney", Rec. Doc. 227 at 247; and (2) he "mistakenly sent a motion 2255 to the wrong address." *See* Rec. Doc. 272-2 (Letter from Pizarro to Clerk of Court, dated October 21, 2020, attached to October 30, 2020 filing). A movant under § 2255 is "entitled to

equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *United States v. Jackson*, 470 Fed. Appx. 324 (5th Cir. 2012) (citations and quotations omitted). This standard requires "reasonable diligence, not maximum feasible diligence." *Id*. (citations and quotations omitted). "Equitable tolling is permissible only in rare and exceptional circumstances." *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (citation and internal quotation marks omitted). Pizarro's argument that he should be given leeway because he is not an experienced attorney does not qualify for equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (finding that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"); *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Nor does equitable tolling under § 2255(f) extend to instances of "excusable neglect" such as mailing his Motion to an incorrect address. *See United States v. Jackson*, 470 F. App'x 324, 329 (5th Cir. 2012) (quoting *United States v. Kirkham*, 367 F. App'x 539, 543 (5th Cir. 2010) (finding that defendant's error of mailing motion to vacate to state court rather than federal court was "garden variety" claim of excusable neglect resulting from a clerical error, and thus insufficient to justify equitable tolling)). Pizarro does not specify where he sent his Motion or how and why the clerical error resulted. Moreover, throughout the course of his case, Pizarro has filed numerous documents with this Court, suggesting familiarity with the Court's address and the mailing process.

As the Fifth Circuit has recognized that neither filing in the wrong court nor lack of legal knowledge justify equitable tolling, Pizarro's § 2255 Motion is untimely. However, the Court need not decide the timeliness issue because Pizarro's claims are conclusory, *see infra* at Section II, procedurally barred, *see infra* at Section III, and, in any event, meritless. *See infra* at Section IV; *see also United States v. Meneweather*, 2012 WL 5362843, at *3 n.4 (W.D. La. Oct. 31, 2012)

("The Court need not resolve the timeliness issue, however, when Meneweather's fifth question is patently frivolous.").

## II.     Pizarro's claims are insufficient to raise a constitutional issue under 28 U.S.C. § 2255.

28 U.S.C. § 2255 provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id*. A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Pizarro's Motion makes conclusory assertions without analysis of the law or the facts of his case. "[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.3d 22, 23 (5th Cir. 1993); *see also United States v. Arriola*, 172 F.3d 866, at *1 (5th Cir. 1999) ("Arriola has had three chances now, in his original § 2255 motion, in his supplemental motion, and in this appellate brief, to allege specific facts to support his conclusional allegations of constitutional errors affecting his trial. He has failed to do so. Such conclusional allegations do not raise a constitutional claim and do not merit consideration under § 2255."). Pizarro's conclusory claims are insufficient to raise a constitutional issue under § 2255, and, consequently, they should be denied.

**III.     Pizarro's claims, excluding his claims of ineffective assistance of counsel, are procedurally barred.**

"Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994). A defendant "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).[3] "A defendant can establish 'cause' by showing that an objective impediment that is external to his defense prevented him from raising a claim on direct appeal." *United States v. Rodney*, No. 10-102, 2014 WL 6607069, at *3 (E.D. La. Nov. 18, 2014) (Lemmon, J.) (citing *United States v. Flores*, 981 F.2d 231, 235 (5th Cir. 1993)). "To show 'actual prejudice' the defendant must demonstrate not just the possibility of prejudice, 'but an actual and substantial disadvantage, infecting his entire proceedings with error of constitutional dimension.'" *Id.* (quoting *Shaid*, 937 F.2d at 233) (internal brackets omitted). That a claim would have been futile on direct appeal is not enough to overcome procedural default. *United States v. Scruggs*, 714 F.3d 258, 264 (5th Cir. 2013).

In this case, Pizarro filed a direct appeal in which he argued that his prior conviction for possession with the intent to distribute marijuana was improperly admitted as 404(b) evidence at

---

[3] A petitioner may also overcome procedural default by demonstrating that he is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). "Actual innocence means factual innocence, not mere legal insufficiency." *Bousely v. United States*, 523 U.S. 614, 615 (1998). Such a claim typically requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Pizarro has not offered any "new reliable evidence" to support a claim of factual innocence, but merely sets forth conclusory allegations and bald assertions which are insufficient to support a collateral attack on his conviction.

his trial. *See* 2018 WL 4050358 (Pizarro Appellate Brief). This was the sole issue raised on appeal. Pizarro did not argue on appeal that he was denied a right to a fair trial, in particular, that the testimony provided by cooperating witnesses was perjured or contradictory,[4] *see* Rec. Doc. 247, p. 5 (second ground of §2255 Motion), or that any exculpatory evidence regarding alleged governmental misconduct was suppressed during trial. *See* Rec. Doc. 247, p. 7 (third ground of §2255 Motion). These claims in Pizarro's § 2255 Motion, in addition to being conclusory and insufficient to raise a constitutional issue, are procedurally barred unless he can establish both cause for the procedural default and actual prejudice resulting from any error. *See Shaid*, 937 F.2d at 232.

First, Pizarro cannot demonstrate cause for the procedural default. Nowhere in his § 2255 Motion does Pizarro allege that an objective impediment that was external to his defense prevented him from challenging the credibility of the witnesses who testified against him, or the alleged suppression of any unspecified exculpatory evidence. During the four day trial, Pizarro's counsel vigorously cross-examined all of the government's witnesses, and the record does not reflect that any restrictions were placed on counsel's ability to question those witnesses.[5] Moreover, at the conclusion of the government's case during trial, Pizarro's counsel put on the record the following:

> Mr. Pizarro is adamant and was adamant that we put on the record the limitations presented with regards to questioning witness with regards to Chad Scott. Now, I understand that any investigation of Agent Chad Scott is an ongoing investigation and has not resulted in any conviction, and there was not an arrest of Dan Pizarro by Chad Scott. However, Mr. Pizarro is adamant about putting or at least making a record outside of the presence of the jury of his concern with regards to that issue. I've advised him that I don't believe that it is relevant to the facts that were

---

[4] In his Motion, Pizarro inaccurately states that one of the grounds raised in his direct appeal was the credibility of the government's cooperating witnesses. Rec. Doc. 247 at 2. This argument is not reflected in his appellate brief. *See* 2018 WL 4050358 (Pizarro Appellate Brief).

[5] The only Motions in Limine filed in advance of Pizarro's trial concerned the admission of business records, excluding any references to punishment, and precluding Pizarro from introducing his own jail calls. *See* Rec. Docs. 128, 130, 138.

9

presented and it is an unresolved case, but that record needs to be made because he's asked me to make it.

Rec. Doc. 239 at 88 (Trial Transcript).[6] Pizarro then addressed the Court directly by stating his belief that if DEA Agent Chad Scott is indicted this should affect Jason Gore's testimony. *Id*. at 89. The Court noted that this is why aggressive cross-examination is permitted. *Id*. Notably, at the conclusion of this colloquy, Pizarro stated "I wanted to express my appreciation and gratitude for allowing me to get a fair and impartial trial," in complete contradiction to the claims he is now asserting. *Id*.

Subsequently, in post-trial Motions for Acquittal and a New Trial, Pizarro argued that the evidence presented at trial was insufficient to prove the existence of a conspiracy, but the Court denied those Motions, finding, *inter alia,* that "[t]he government introduced testimony from several co-conspirators that implicated Pizarro in the conspiracy at trial and supported the jury's verdict." Rec. Doc. 178 at 6. Pizarro has not and cannot assert that any objective impediment that was external to his defense prevented him from challenging his right to a fair trial on appeal. Thus, Pizarro's claims are procedurally barred.

Second, Pizarro cannot show prejudice resulting from any error. Even assuming that Pizarro could establish cause for his procedural default, he has not demonstrated a constitutional defect that led to an actual or substantial disadvantage during the proceedings. *See Shaid*, 937 F.2d at 233. Thus, Pizarro cannot prove that the Court erred or that any error resulted in prejudice during

---

[6] Despite having ample opportunity, both pre- and post- trial, as well as in his direct appeal and the present §2255 Motions, Pizarro has failed to provide any evidence that DEA Agent Chad Scott had any connection to his case or that Scott's criminal case would have any impact on the outcome of Pizarro's trial. Pizarro states, without any basis, that Scott had "involvement with" Jason Gore, a trial witness against Pizarro. Not only is Pizarro's allegation wholly unsupported in fact, it remains unclear to the government how this evidence would be relevant to any defense offered at trial or alter the jury's finding of guilt. Pizarro's claim is unsupported and patently frivolous.

10

his proceedings. Pizarro's claims related to witness credibility and alleged suppression of any exculpatory evidence are procedurally barred and should be denied.

## IV.     Pizarro's ineffective assistance of counsel claims are meritless.

Pizarro argues that his attorney was ineffective prior to his trial because he failed to consult with him regarding the facts and to produce pretrial discovery that would have assisted his defenses, failed to file pretrial motions, and failed to perform an independent investigation. Rec. Doc. 247, p. 4. Pizarro further argues that his counsel was ineffective during trial by conceding Pizarro's innocence in his opening argument and failing to incorporate into the trial strategy Pizarro's belief that he had been framed. Rec. Doc. 252.

"Under *Strickland v. Washington*, to establish an ineffective assistance of counsel claim, a petitioner must show both that his counsel's performance was constitutionally deficient and also that he suffered prejudice as a result of the deficiency." *United States v. Henry*, No. 08-19, 2010 WL 2998888, at *3 (E.D. La. July 28, 2010) (Vance, J.) (citing *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984)). "If the Court finds that the petitioner has made an insufficient showing as to either prong, it may dispose of the claim without addressing the other prong." *Id.* (citing *Strickland*, 466 U.S. at 697; *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999)). "It does not matter for Sixth Amendment purposes whether counsel was retained or appointed." *Id.* (citing *Cuyler v. Sullivan*, 446 U.S. 335, 344-45 (1980)).

"With respect to *Strickland*'s 'deficiency' prong, the Fifth Circuit has held that trial counsel's performance must be judged against 'an objective standard of reasonableness, mindful of the strong presumption of adequacy.'" *Id.* (quoting *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997)). "Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention, but a conscious and informed decision on trial

11

tactics and strategy will not be considered deficient unless it is so ill chosen that it permeated the entire trial with obvious unfairness." *Id.* (quoting *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003*)*; *Martinez v. Dretke*, 404 F.3d 878, 885 (5th Cir. 2005)) (internal quotation marks omitted). "In evaluating counsel's performance, the district court should make every effort to eliminate the distorting effects of hindsight and evaluate the conduct from counsel's perspective at the time of trial." *Id.* (citing *Jones v. Jones*, 163 F.3d 285, 300-01 (5th Cir. 1998)).

"With respect to *Strickland*'s 'prejudice' prong, the petitioner must show that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at *4 (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is 'a probability sufficient to undermine confidence in the outcome.'" *Id.*

First, Pizarro claims that his counsel was ineffective in failing to consult with him regarding the facts and to file pretrial motions. Rec. Doc. 247, p. 4. The record does not reflect, and Pizarro has failed to provide, any evidence to support that he was denied the opportunity to consult with his counsel regarding the facts of his case. Pizarro also does not specify what types of pretrial motions his counsel should have filed, or why any pretrial motions would have succeeded. In advance of trial, Pizarro's counsel, who was the third attorney appointed to represent him during the course of the case, filed Oppositions to the government's Notice of Intent to Use 404(b) Evidence at Trial, Rec. Doc. 126, and to the government's Motion in Limine to preclude Pizarro from introducing his own recorded jail calls pursuant to Rule 802, Rec. Doc. 146. An attorney's decision as to whether to raise an issue in a pre-trial motion "falls squarely within the ambit of trial strategy." *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985). In the context of pre-trial motions, "[c]ounsel need not raise every meritorious claim, much less those with no conceivable merit." *United States v. Huff*, 2007 WL 846533, at *4 (E.D. La. Mar. 15, 2007) (Engelhardt, J.)

(citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *Ellis v. Lynaugh*, 873 F.2d 830 (5th Cir. 1989)). This is because "there are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Knox v. Johnson*, 224 F.3d 470, 480 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 690) (internal brackets omitted). Therefore, Pizarro has not established that the decision against filing any pretrial motions was the result of any deficiency by his attorney outside "the ambit of trial strategy," *Schwander*, 750 F.2d at 500, that he was prejudiced by the decision, or how his counsel's failure to file pretrial motions was anything other than a tactical decision. Pizarro's claim of ineffective assistance of counsel on this basis should be denied.

Pizarro further claims that his counsel was ineffective in failing to perform an independent pretrial investigation. Rec. Doc. 247, p. 4. "In evaluating attorneys' judgments as to whether to pursue evidence, courts must consider 'whether the known evidence would lead a reasonable attorney to investigate further.'" *United States v. Broussard*, 2013 WL 1828023, at *5 (W.D. La. Apr. 29, 2013) (quoting *Wiggins v. Smith*, 539 U.S. 510, 527 (2003)). Courts "apply 'a heavy measure of deference to [an attorney's] judgments' as to whether additional evidence may be adduced by further investigation." *Id.* "If the decision not to investigate beyond a certain point is reasonable, then the failure to do so cannot constitute ineffective assistance of counsel." *Id.* A petitioner "who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010). Pizarro has not demonstrated how further investigation by his attorney would have changed the outcome of the proceedings nor has he demonstrated that any decision against further investigation was unreasonable. Pizarro's claim of ineffective assistance of counsel on this basis should be denied.

Pizarro further claims that his counsel erred by only relying on the discovery provided by the government and withholding pretrial discovery which would have assisted him with possible defenses. Rec. Doc. 247 at 4. Pizarro has presented no evidence to suggest, much less prove, that his counsel withheld any reciprocal discovery that he had in his possession, that he was harmed in any way by the lack of reciprocal discovery, and even more that the result of his trial would have been different if his counsel had produced unspecified discovery. Pizarro's bald claim, which is both vague and without merit, cannot overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689.

In his fourth ground for relief, as amended, Pizarro argues that his counsel committed a "structural error" and conceded Pizarro's guilt when he stated in opening arguments that Pizarro was a drug dealer. Rec. Doc. 252. As part of this argument, Pizarro also claims that his counsel did not confer with Pizarro regarding trial strategy, and did not incorporate Pizarro's desired defense by suggesting that he had been framed as part of an alleged conspiracy between the DEA and a cooperating witness. Rec. Doc. 252. The crux of this claim concerns a claim of ineffective assistance based on trial counsel's tactics and strategy.

Contrary to Pizarro's assertion, the record does not support that his counsel conceded his guilt in opening statements. Rather, counsel's opening statement included the following remarks:

> Dan Pizarro is a drug dealer. Okay. So we don't need to mince words with that. We don't have to try to convince you of that. Mr. Pizarro pled guilty to dealing drugs twice in his past; once methamphetamine, once marijuana. Each of those times he was charged, he very quickly pled guilty to his involvement. Now, when I tell you he is a drug dealer, I think the evidence is going to show that he has a history of that. The evidence is going to also show, if you listen to the calls and look at every piece of evidence that's in these big ole books here and the testimony you'll get is that Dan Pizarro was trying his best to get involved in the retail sale and distribution of marijuana in the State of California. Don't make him a choir boy. Doesn't make him a good person, but it does make him innocent of the charges that they've charged him with today.

14

Rec. Doc. 237 at 13-14 (Trial Transcript). Counsel's statement of responsibility for engaging in the retail sale of marijuana was not an admission as to the violation charged. Courts have found that where defense counsel admits his client's responsibility for something less than the crime charged, such a decision is a permissible trial tactic, depending on the circumstances. *See United States v. Jones*, 287 F.3d 325, 330-331 (5th Cir. 2002); *see also Kitchens v. Johnson*, 190 F.3d 701, 704 (in a capital murder case, pleading guilty to murder and arguing in closing that the defendant had committed a "very brutal, a very savage murder, but [ ] not a capital murder ..." was a valid strategic decision to bolster credibility with the jury). Moreover, "[i]nformed strategic decisions of counsel are given a heavy measure of deference and should not be second guessed." *Lamb v. Johnson*, 179 F.3d 352, 358 (5th Cir. 1999). "There is nothing in the record to suggest that [Pizarro's] counsel blundered through the trial, attempted to put on an unsupported defense, abandoned a trial tactic, failed to pursue a reasonable alternative course, or surrendered his client." *United States v. Jones*, 287 F.3d at 331. "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir.1983); *accord United States v. Cavitt*, 550 F.3d 430, 440 (5th Cir. 2008) (citation omitted). Counsel's decision to argue that Pizarro was trying to get involved in the retail sale and distribution of marijuana in his home state of California rather than a conspiracy to distribute methamphetamine and heroin was both informed and strategic. *See United States v. Short*, 181 F.3d 620, 624-25 (5th Cir. 1999) (holding that where counsel did not explicitly admit guilt but clearly implicated defendant in the drug trade, it was a reasonable trial strategy because the evidence from co-conspirators, law enforcement officers, and recorded telephone conversations overwhelmingly showed the defendant's involvement in the drug trade). There is no hint of

unfairness, and, in this case, counsel's tactic may have been the best available based on the evidence of overwhelming guilt. Pizarro's counsel was not ineffective in his argument to the jury.[7]

Because Pizarro has not demonstrated deficiency or prejudice, this Court can resolve his claims without an evidentiary hearing. *See United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999); *see also King v. Davis,* 898 F.3d 600, 604 n.1 (5th Cir. 2018) ("Because we resolve this claim on prejudice grounds, we need not opine on counsel's performance."); *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (finding that no evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations") (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)). "A § 2255 motion can be denied without an evidentiary hearing if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Gladney*, 692 F. App'x 185, 185 (5th Cir. 2017) (quoting 28 U.S.C. § 2255(b)). If the petitioner's argument "consists of mere conclusory allegations or is otherwise inconsistent with the bulk of his conduct, an evidentiary hearing is unnecessary." *United States v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018) (internal quotation marks, citations, and brackets omitted). In this case, there is no fact that could be elicited at an evidentiary hearing that would be consequential to Pizarro's claims.

---

[7] If the Court denies Pizarro's Motion to Amend/Correct his fourth claim, Rec. Doc. 252, his fourth claim, as set forth in his original Motion, lacks merit for the same reasons. Pizarro originally claimed that counsel was ineffective by conceding his innocence in closing, rather than opening, arguments by stating that the jury should find him guilty of misprision of a felony or of aiding and abetting. Rec. Doc. 247 at 8. Again, the record does not support that counsel conceded Pizarro's guilt of the crime charged, but rather employed an informed and strategic tactic of admitting his client's responsibility for something less than the crime charged.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny Pizarro's § 2255 Motion and Motion to Amend/Correct his § 2255 Motion without an evidentiary hearing.

Respectfully submitted,

PETER G. STRASSER
UNITED STATES ATTORNEY


*s/Shirin Hakimzadeh*
SHIRIN HAKIMZADEH
Assistant United States Attorney
U.S. Attorney's Office (E.D. La.)
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3144
E-Mail: shirin.hakimzadeh@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to Dan Pizarro, Prisoner No. 91279-022, USP Victorville, U.S. Penitentiary, P.O. Box 3900, Adelanto, California 92301, by placement in the United States Mail, postage prepaid and properly addressed.

*s/Shirin Hakimzadeh*
SHIRIN HAKIMZADEH
Assistant United States Attorney