UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 16-63 |
| DAN PIZARRO | SECTION "F" |

ORDER AND REASONS

Dan Pizarro moves to vacate his conviction under 28 U.S.C. § 2255. For the reasons that follow, his motion is DENIED.

**Background**

On February 7, 2018, this Court sentenced Dan Pizarro to life in prison for conspiracy to distribute and possess with the intent to distribute 500 grams or more of methamphetamine and a quantity of heroin.[1] On March 7, 2019, the Fifth Circuit affirmed Pizarro's conviction over arguments that this Court "erred in admitting evidence of [Pizarro's] arrest at a train station in possession of ten pounds of marijuana and his subsequent conviction for possession with intent to distribute marijuana pursuant to Federal Rule of Evidence 404(b)." United States v. Pizarro, 756 F. App'x 458, 458-59 (5th Cir. 2019) (per curiam). On October 7, 2019, the Supreme Court denied Pizarro's petition for a writ of certiorari. Pizarro v. United States, 140 S. Ct. 211 (2019) (mem.).

---

[1] Pizarro had two prior felony drug convictions as well.

1

Pizarro filed the instant habeas corpus petition more than one year later, on October 30, 2020.² Although Pizarro makes a variety of arguments in support of overturning his conviction, he has ultimately failed to do so in a timely fashion. As a result, because Pizarro's petition is barred by the applicable statute of limitations, the Court need not – and does not – assess the merits of Pizarro's claims.

I.

28 U.S.C. § 2255(f) sets forth a "1-year period of limitation" for § 2255 motions like Pizarro's. Specifically, the statute provides that

> The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

---

² On July 31, 2020, this Court denied Pizarro's motion for an extension of time to file a § 2255 petition for lack of subject-matter jurisdiction. As the Court explained then, it could not "consider Pizarro's motion for an extension of time because Pizarro [had] not yet filed a § 2255 motion, and his motion for an extension of time [did] not create the 'case or controversy' that is required to support federal jurisdiction." United States v. Pizarro, No. cr16-63, Rec.Doc. 245 (E.D. La. July 31, 2020) (citing United States v. McFarland, 125 F. App'x 573, 574 (5th Cir. 2005) (per curiam)).

>       Court and made retroactively applicable to cases on
>       collateral review; or
>
>       (4) the date on which the facts supporting the claim
>       or claims presented could have been discovered
>       through the exercise of due diligence.

Id.

Here, Pizarro's motion was filed more than one year after the Supreme Court denied his certiorari petition,[3] and does not invoke a newly recognized constitutional right. Accordingly, Pizarro's motion is plainly untimely under subsections (f)(1) and (f)(3).

Pizarro's motion is no timelier under subsection (f)(2), which applies to situations where government action impedes a defendant's ability to file a petition. Put simply, Pizarro has not demonstrated any unreasonable or unlawful impediment to his filing within one year of the Supreme Court's denial of his certiorari petition. In a prior motion, Pizarro argued that a COVID-19 lockdown in his prison impeded his access to the facility's law library, but the Fifth Circuit has repeatedly required that a defendant's "lack of adequate legal materials actually *prevent[]* him from timely filing his habeas petition." See Krause v. Thaler, 637 F.3d 558, 561 (5th Cir. 2011) (collecting

---

[3] See, e.g., United States v. Redd, 562 F.3d 309, 311 (5th Cir. 2009) ("For § 2255(f)(1), "[f]inality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari." (first alteration in original) (quoting Clay v. United States, 537 U.S. 522, 527 (2003))).

3

cases). Here, Pizarro presents no evidence that any diminished library access "actually *prevented*" him from filing – indeed, Pizarro *did* file an earlier motion seeking an extension of time to file a habeas petition. Pizarro "does not, for example, allege that he had no knowledge of AEDPA's statute of limitations before" COVID-19 led his prison to restrict his library access. Cf. id.

That leaves subsection (f)(4), which applies to scenarios in which a defendant learns new facts giving rise to a habeas claim. Because Pizarro's petition does not allege any newly discovered "facts supporting [his] claim," this subsection is likewise inapplicable to his situation.

\* \* \*

28 U.S.C. § 2255(f) requires an incarcerated defendant to bring a § 2255 habeas corpus petition within one year from the latest of four possible dates. As detailed above, three of those dates – namely, those laid out in subsections (2), (3), and (4) of § 2255(f) – are not applicable in Pizarro's case. Instead, Pizarro's fits squarely within the mine-run of cases in which a defendant's one-year time for action runs from "the date on which the judgment of conviction becomes final." See § 2255(f)(1). For Pizarro, that date was October 7, 2019, when the Supreme Court denied his petition for a writ of certiorari. See Redd, 562 F.3d at 311. Because Pizarro brought this motion on October 30, 2020 – and because there are no grounds for the Court to equitably toll

4

the statute of limitations[4] – his motion is untimely as a matter of federal law.

Accordingly, IT IS ORDERED: that Pizarro's motion to vacate is DENIED AS UNTIMELY.[5]

In light of the foregoing denial, IT IS FURTHER ORDERED: that Pizarro's related motions for evidentiary hearings (Rec.Docs. 246, 248), to amend/correct (Rec.Doc. 252), and to compel (Rec.Doc. 254) are DENIED AS MOOT.

New Orleans, Louisiana, January 8, 2021

_____
MARTIN C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4] Pizarro's not being "a 30 year experienced attorney" and mistakenly sending his motion to the wrong address are not circumstances that entitle him to equitable tolling, which "is permissible only in 'rare and exceptional circumstances.'" See United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Neither such excuse presents a "rare and exceptional circumstance[]." See Davis, 158 F.3d at 811. Indeed, few attorneys – much less habeas corpus petitioners – have thirty years of legal experience, and the "failure to mail [one's] § 2255 motion to the correct court within the one-year limitation period [is], at best, a 'garden variety' claim of excusable neglect, which is insufficient to justify application of the doctrine of equitable tolling." United States v. Kirkham, 367 F. App'x 539, 543 (5th Cir. 2010) (per curiam) (citing Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 96 (1990)).

[5] The Court withholds any judgment on the merits of Pizarro's motion.

5