UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 16-63 |
| DAN PIZARRO | SECTION: T |

**ORDER**

Before the Court is a Motion for Reconsideration pursuant to Rule 59(e) (Doc. 332) of the Court's recent Order of September 15, 2026 (Doc. 330) filed by Defendant Dan Pizarro. Prior to this filing, Defendant has filed a number of motions *pro se* seeking review or reconsideration of the district court's judgment and order (Docs. 256 and 258) finding that his initial Motion to Vacate under 28 U.S.C. § 2255 (Doc. 247) was not timely filed. Most recently, he filed a Motion for Relief from Judgment pursuant to Rule 60(b). Doc. 329. The Court denied that motion (Doc. 330), and Defendant now seeks reconsideration of that Order.

"While motions for reconsideration in criminal actions 'are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device.'" *United States v. Cotto*, No. CV 16-36, 2020 WL 3832809, at *1 (E.D. La. July 8, 2020) (quoting *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991)). Because this motion was filed within twenty-eight days after entry of the judgment from which relief is sought, the Court construes this motion as seeking reconsideration pursuant to Rule 59(e). *See United States v. Clark*, 984 F.2d 31, 33-34 (2d Cir. 1993) (noting that courts have treated motions for reconsideration in criminal cases as the equivalent of a Rule 59(e) or 60(b) motion).

A motion for reconsideration under Rule 59(e) "calls into question the correctness of a

judgment." *United States v. Perdigao*, No. CR 07-103, 2021 WL 1894870, at *2 (E.D. La. May 10, 2021) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)). Rule 59(e) relief is an extraordinary remedy and should be used sparingly. *Id.* A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* Instead, a Rule 59(e) motion merely allows "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*

In his present motion, Defendant once again asserts the district court should have applied the mailbox rule to find that his § 2255 application had been timely delivered into the prison mail system. Doc. 332, pp. 1-3. He insists that he "delivered the 2255 motion to prison authorities well before the AEDPA 12-month time limitation." *Id.*, p. 1. However, as the district court found in its Order of January 8, 2021, Defendant mailed his § 2255 motion to an incorrect address. *See* Doc. 256, p. 5 n. 4. The district court considered Defendant's argument regarding the incorrect mailing address and found it to be without merit. *Id.* That Defendant may have placed his incorrectly-addressed motion in the prison mail timely was considered and found to be without merit by the district court. *Id.* Moreover, he sought review of the district court's ruling on timeliness, asserting the lock-down of the prison due to Covid-19 had been an impediment to the timely filing of his § 2255 motion. Doc. 259. The district court, treating the motion as a successive § 2255 application, transferred it to the Court of Appeal for a determination as to whether such an application could be filed. Doc. 260. Such authorization was subsequently denied. Doc. 273. In addition, the Court of Appeals denied Defendant's request to file a successive § 2255 application, as well as a motion for reconsideration. Docs. 327 and 328.

Given this history, the Court finds no basis to reconsider or reopen its prior rulings, much

less its most recent Order denying Defendant's Motion for Relief from Judgment Pursuant to Rule 60(b). *See* Doc. 330.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration Pursuant to Rule 59(e) (Doc. 332) is DENIED.

New Orleans, Louisiana, this 5th day of October 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

**Clerk to Mail copy of this Order to:**
**Dan Pizarro 91279-022**
**Victorville U.S. Penitentiary Inmate Mail/Parcels**
**P.O. Box 3900**
**Adelanto, CA 92301**